JAMES BRIDE V. THE STATE.

No. 5628. Decided January 21, 1920.

Rehearing granted February 18, 1920.

1.—Theft—Felony—Misdemeanor—Charge of Court. Value.

Where the alleged stolen property was over the value of fifty dollars, the court correctly charged the law of felony theft, and proof that defendant took part of the property which was lost will support the conviction, although the different articles were actually taken one at a time. Following: Wilson v. State, 70 Texas Crim. Rep., 631, 158 S. W. Rep., 516, and other cases.

2.—Same—Ownership—Allegation and Proof—Agent.

Where the alleged owner was in actual care, control and management, although an agent of another, the allegation is sufficient and the proof of ownership need not consist of a formal statement that it was his property, etc.

3.—Same—Venue—Practice on Appeal.

Where no issue as to venue was raised in the trial court, the matter cannot be considered on appeal.

4.—Same—Charge of Court—Circumstantial Evidence.

Where, upon trial of theft, it appeared from the evidence that defendant took part of the alleged stolen goods out of a certain automobile, and confessed that he took said car and the accomplice gave direct evidence of said taking of the alleged stolen property, there was no error of the court's refusal to submit a charge on circumstantial evidence.

5.—Same—Evidence—Suspended Sentence—General Reputation.

Where, upon trial of theft, defendant pleaded for a suspended sentence, there was no reversible error in permitting the State on cross-examination to ask him if he had not been charged with bootlegging and petty theft. Following: Martoni v. State, 74 Texas Crim. Rep., 90, 167 S. W. Rep., 349, and other cases.

**6.—Same—Declaration of Defendant—Evidence.**

There was no error to admit in evidence the declarations of the defendant after he had been released on bond.

**7.—Same—Felony—Theft—Sufficiency of the Evidence.**

Where, upon trial of theft, the evidence showed that defendant was guilty of taking an automobile containing at the time the alleged articles stolen, the aggregate value of which exceeded fifty dollars, he was guilty of felony theft; and if he took part of the alleged property the conclusion that he took all of the same at the same time is justified.

**8.—Same—Charge of Court—Limiting Testimony.**

Where, upon trial of theft, evidence was admitted on behalf of the State attacking the reputation of defendant under his plea of suspended sentence, the court should have limited this testimony to the purpose for which it was admitted and the failure to do so is reversible error. Following: Williamson v. State, 74 Texas Crim. Rep., 289, 167 S. W. Rep., 360.

Appeal from the District Court of Nacogdoches. Tried below before the Hon. L. D. Guinn, judge.

Appeal from a conviction of felony theft; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*Harris & Harris,* for applleant.—On question of degree of offense; Johnson v. State, 122 S. W. Rep., 877; Day v. State, 159 S. W. Rep., 1186.

On question of charge of Court to limit testimony; Williamson v. State, 74 Texas Crim. Rep., 289, 167 S. W. Rep., 360.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of degree of theft: Wilson v. State, 70 Texas Crim. Rep., 631, 158 S. W. Rep., 516; Harris v. State, 29 Texas Crim. Rep., 104; Flynn v. State, 83 S. W. Rep., 206.

On question of circumstantial evidence: Hunter v. State, 30 Texas Crim. Rep., 314; Rodgers v. State, 36 Texas Crim. Rep., 563; Egbert v. State, 76 Texas Crim. Rep., 663, 176 S. W. Rep., 560; Jones v. State, 76 Texas Crim. Rep., 398, 174 S. W. Rep., 1071.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Nacogdoches County, of felony theft, and his punishment fixed at six years in the penitentiary.

The indictment alleged D. L. Thomas to be the owner of the stolen goods, and the proof showed that he was a drummer traveling through the county in an automobile, selling tobaccos; and that he had on the back of his car a sort of a box or receptacle in which he carried samples of his wares. On the night in question, Thomas parked his car near the Elks' Club, in the town of

Nacogdoches, and when he came after it later, he found it gone. The next morning he found the car in a different part of the town, and tobacco samples, stated by him to be worth $42, were gone; also a rain-coat worth $10, an auto-hood worth $7.50, and a kit of tools worth $10, were missing. Subsequently, a part of the tobacco and the rain-coat were returned to him by the sheriff.

The various questions raised by the appellant will be treated in the order in which they are presented in his brief. The various theories of the defense, and also the law applicable to both felony and misdemeanor theft, were submitted to the jury.

No special charges appear to have been requested by the appellant.

Appellant's first contention is, that the court erred in submitting to the jury the law of felony theft. We are not in accord with this contention. Property of the value of $69.50 was taken from said car on the night in question. Proof that one accused of theft took part of the property which was lost, will support a conviction for the taking of all the property lost at the same time and place. Wilson v. State, 70 Texas Crim. Rep., 631, 158 S. W. Rep., 516; Harris v. State, 29 Texas Crim. App., 104. Nor would the fact that the articles alleged to have been stolen were actually taken one at a time from the automobile, reduce the theft to a misdemeanor, if the value of all of the articles lost on said occasion, aggregated more than $50.00. Wilson v. State, 70 Texas Crim. Rep., 631, 158 S. W. Rep., 516; Harris v. State, 29 Texas Crim. App., 104.

We also are of opinion that the allegation of ownership was met by the proof. When property alleged to have been stolen is shown to have been in the actual care, control, and management of one who holds the same as agent for another, it is sufficient to allege ownership in the agent, and proof of his care, control, and management will meet such allegation. The proof of ownership need not consist of a formal statement by the alleged owner that it was his property that was taken, but as in this case such proof may be made by the testimony of the alleged owner speaking of it as "my" property, or by the statement of how much he paid for the alleged stolen property, or in various other ways and phrases, used by one speaking of property which belongs to himself.

Appellant contends that the venue was not proven, and the conviction cannot be sustained. There seems to have been no issue as to venue in the trial court, and under our statute, we cannot sustain such contention when made for the first time here. Art. 938, Vernon's C. C. P.

It is further alleged that the court should have charged on the law of circumstantial evidence. We find ourselves unable to agree with this contention. Appellant admitted taking the car, with the other negro, on the night in question, and told the witness Millard

that he took said car. Sam Rivers testified for the State that he saw appellant take part of the alleged stolen goods out of said car; that some of said property was given to him, a part of which he later turned over to the sheriff, who returned it to the owner. It is well settled that either the direct testimony of an accomplice, or the confession of the accused, will take a case out of the domain of circumstantial evidence. True, appellant did not confess to taking the articles out of the car, but he did confess to taking the car; and the alleged accomplice gave direct evidence as to seeing him take therefrom the property.

Appellant filed his application for a suspended sentence, which placed in issue his general reputation, and we think the court below did not err in allowing the state, on cross-examination, to ask appellant if he had not been charged in the courts with bootlegging and petty theft. Martoni v. State, 74 Texas Crim. Rep., 90, 167 S. W. Rep., 349; Williamson v. State, 74 Texas Crim. Rep., 289, 167 S. W. Rep., 360.

The witness Millard testified to conversations with appellant, had after he had made bond subsequent to his arrest. We know of no legal reason why such statements made by the appellant while under bond, are not admissible against him.

We have caefully examined this entire record, and find no error. The judgment of the trial court will be affirmed.

*Affirmed.*

### ON REHEARING.

### February 18, 1920.

LATTIMORE, JUDGE.—In appellant's motion for rehearing, but two contentions appear, namely: that the evidence did not justify the submission of felony theft; and that we failed to pass on appellant's assignment, complaining of the action of the trial court in not limiting the testimony as to the character of appellant, to the question of his right to suspended sentence.

In our view of the case, if appellant was guilty of taking the automobile of the prosecuting witness from Nacogdoches to Melrose, said automobile containing at said time, the articles alleged in the indictment to be thereafter stolen, and the aggregate value of which exceeded $50, he would be guilty of felony theft, if the evidence showed to the satisfaction of the jury, and without controversy, that he took a part of the alleged stolen property, this would justify the conclusion that he took all of same, and took it at the same time. Nor would the fact that the owner recovered a part of the property subsequent to the theft operate to reduce the grade of the offense below that of felony; nor would the further fact that there was no direct proof of the taking of the remainder of the articles by the

appellant, reduce the grade of the offense, it being the announced doctrine in this State that if property be taken in such manner as to make it reasonably appear that all of the same was taken at or about the same time and place, and the proof showed appellant to have taken a part of it, that the presumption is justifiable that he took it all.

As to the other ground of the motion for rehearing, we are of opinion that the same is well taken, and we frankly admit that we failed to observe and pass upon this part of appellant's contention in our original consideration of the case. Appellant filed his plea, and asked for a suspended sentence. Evidence was admitted on behalf of the State, attacking the reputation of appellant, and tending to show him guilty of other offenses than the one on trial. The trial court failed to limit the purpose for which this evidence was admitted. Appellant in due time and manner excepted to the charge of the court because of said omission, and no correction was made in said charge. This should have been done. The charge in such case should have limited the purpose and effect of such testimony. The evidence was harmful to appellant. Williamson v. State, 74 Texas Crim. Rep., 289, 167 S. W. R., 360.

The motion is granted, and the judgment of affirmance set aside; and the cause reversed and remanded for a new trial.

*Reversed and remanded.*