# FEBRUARY, 1925.

WILLIAM SMITH v. THE STATE.

No. 8036.   Delivered February 4, 1925.

No motion for rehearing filed.

**Manufacturing Intoxicating Liquor—Witness—Not Shown to be an Accomplice.**

Appellant offered as a witness, one Odes Scott. The state objected to the witness testifying upon the ground that he was indicted for the same offense for which appellant was on trial. No proof of this fact was made, nor was there any admission or agreement to that effect. Nor does the qualification of the bill by the learned trial court, that the witness had a case on the docket charging him with the same offense dispense with the necessity of making such proof. For the exclusion of the testimony of this witness, the cause will be reversed.

Appeal from the District Court of Lee County. Tried below before the Hon. R. J. Alexander, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*W. M. Felts* and *E. T. Simmang,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District court of Lee County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There are thirteen bills of exception in the record, each of which has been considered by us and in none of which do we find error except as herein noted. Appellant offered as a witness one Odes Scott. The State objected to the witness testifying upon the ground that he was indicted for the same offense for which appellant was on trial. The bill of exceptions shows that no proof was offered of

the fact that the witness was so indicted, nor was there an admission or agreement that such was the fact. The court qualifies the bill by saying that the witness had a case pending on the docket of his court charging him with the same offense, and that all the evidence introduced in the case on trial showed Scott to be present at the transaction complained of, and engaged in the manufacture of the whisky at the time and place alleged in this case. With the utmost respect for the learned trial judge, we observe that the question of whether the witness was charged in the indictment pending on the docket of the court below, with the same offense as that charged against appellant, was a question of fact, and in the absence of proof offered before the court supporting the conclusion that the acts, transactions, and offenses were identical. We are unable to perceive how the court could know the fact of such identity. If there was such proof before the court, it should have been so set out in the record as that it could have been brought before this court, and we could have determined its sufficiency. The fact could not have been demonstrated merely by an inspection of the indictment, if any, on file charging the witness. That the offense set out in such indictment was of the same character and averred the same date, as that charged against this appellant, would be but a circumstance to be considered in connection with others showing the identity of the offenses. We know of no procedure relative to the procuring of an indictment in which the district judge participates from which he could know as a matter of fact that the act and offense charged against the witness and that charged against appellant were the same. We are compelled then to conclude that the statement in the qualification of the court below is not such as to dispense with the necessity for some proof of the ground of objection made by the State. The matter is not of first impression. In Deatherage v. State, 91 Texas Crim. Rep., 181, we held adverse to the State's contention upon the authorities cited. The matter has recently been before the court in West v. State, opinion handed down January 7, 1925.

There is no question but that the testimony of the witness, if allowed, would have been material.

Being of opinion that sufficient showing was not made of the truth of the objection made by the State to the introduction of said witness, and that the rejection of his testimony under the circumstances, was erroneous, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*