Appellant's witness Lonnie Bell would have given testimony material to appellant's defense. The state objected to the testimony of the witness on the ground that he was under indictment for the same offense for which appellant was being tried. The court sustained the objection without hearing any testimony on the question, nor was there any admission or agreement that the witness was so indicted. The court qualifies the bills of exception relating to the matter by saying that an indictment pending in his court showed that the witness was charged with the same offense, and that the witness was later convicted for the same offense. Reference is made in the qualification to certain parts of the statement of facts in the case of Lonnie Bell v. State of Texas, 24 S.W.(2d) 416 with the statement of the trial court that the evidence in the Lonnie Bell Case showed that the transaction occurred in Camp county on or about the 14th day of February, 1929, and that appellant "was present at the time."

In Smith v. State, 99 Tex. Cr. R. 203, 268 S. W. 737, a similar state of facts was held to present error. We quote the language of Judge Lattimore in Smith's Case as follows:

"With the utmost respect for the learned trial judge, we observe that the question of whether the witness was charged in the indictment pending on the docket of the court below, with the same offense as that charged against appellant, was a question of fact, and in the absence of proof offered before the court supporting the conclusion that the acts, transactions, and offenses were identical, we are unable to perceive how the court could know the fact of such identity. If there was such proof before the court, it should have been so set out in the record as that it could have been brought before this court, and we could have determined its sufficiency. The fact could not have been demonstrated merely by an inspection of the indictment, if any, on file charging the witness. That the offense set out in such indictment was of the same character and averred the same date as that charged against this appellant, would be but a circumstance to be considered in connection with others showing the identity of the offenses. We know of no procedure, rela-

tive to the procuring of an indictment, in which the district judge participates, from which he could know as a matter of fact that the act and offense charged against the witness and that charged against appellant were the same. We are compelled then to conclude that the statement in the qualification of the court below is not such as to dispense with the necessity for some proof of the ground of objection made by the state. The matter is not of first impression. In Deatherage v. State, 91 Tex. Cr. R. 181, 237 S. W. 1111, we held adverse to the state's contention upon the authorities cited. The matter has recently been before the court in West v. State, 98 Tex. Cr. R. 653, 267 S. W. 731, opinion handed down January 7, 1925. There is no question but that the testimony of the witness, if allowed, would have been material."

For the error discussed, the judgment is reversed and the cause remanded.

**Lonnie BELL v. STATE. (No. 12931.)**

Court of Criminal Appeals of Texas. Jan. 22, 1930.

G. L. Florence, of Pittsburg, and C. E. Florence, of Gilmer, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, the unlawful manufacture of intoxicating liquor; penalty, one year in the penitentiary.

This is a companion case to that of Willie Lee Duffey v. State (No. 12932) 24 S.W.(2d) 415, this day decided in an opinion handed down by Judge Christian. The issues of law in the two cases are identical.

For the reasons set out in the Duffey Case, supra, the judgment of conviction herein is reversed, and cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.