### DICK AVERY v. THE STATE.

No. 19857.   Delivered November 30, 1938.

The opinion states the case.

*Donald & Donald,* of Bowie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The conviction is for knowingly receiving and concealing stolen property. The punishment assessed is confinement in the State Penitentiary for a term of two years.

The indictment in this case contains three counts. The first charges the theft of one head of cattle. The second charges that appellant received from Edward Orton one head of cattle, knowing it to have been stolen, and fraudulently concealed the same. The third count charged that appellant, on or about the 1st day of May, A. D. 1937, received from some person unknown to the grand jury, one cattle, knowing it to have been stolen and fraudulently concealed the same. The court submitted the case to the jury upon the first and second counts in the indictment. The jury found him guilty under the second count and assessed his punishment as above stated.

At the conclusion of the introduction of the evidence, appellant requested the court to instruct the jury to return a verdict of not guilty, which request was refused and to which ruling appellant duly excepted. His contention was that the evidence was insufficient to sustain a verdict of guilty under either count. We find ourselves unable to agree with him.

The testimony offered by the State shows that on or about the 5th day of May, 1937, appellant employed Milton Davidson, who owned and operated a truck, to haul seven head of cattle for himself and Orton to market at Vernon, Texas, there to be sold by the commission company as cattle belonging to appellant. He told Davidson that he and Orton each had three or four cattle to be carried to market. Davidson went to the Orton place and with the assistance of Orton and appellant, loaded the cattle and transported them to the commission company

as cattle belonging to appellant. Among said cattle was a Hereford steer, branded "B" on the left side and marked in each ear. This mark, however, was somewhat mutilated. The steer belonged to the Scaling Estate over which Burford Scaling had exclusive control and management. The steer in question was purchased from the commission company by R. C. Steele on May 6 and carried to his place near Crowell, where he kept it until about July 15 when he sold it through the commission company to a Mr. Spears of Quanah, from whom Scaling recovered it. At the time appellant was arrested or soon thereafter, he claimed that he bought three of the steers, including the one in question, from Edward Orton who was indebted to him at the time.

Appellant took the witness stand and testified that he had three cattle and Orton four, all of which they desired to sell; that they employed Davidson to haul the cattle to Vernon and deliver them to the commission company as cattle belonging to him because Orton owed the commission company $20. That he, appellant, did not own or claim the steer in question but that Orton claimed it and received the entire proceeds from the sale thereof. That if the steer was stolen, he had no knowledge of it. Under the facts as stated, an issue of fact was raised from which the jury could reasonably draw a conclusion as to appellant's guilt. We would not be justified in holding the evidence insufficient.

By bill of exception number two, appellant complains of the action of the trial court in declining to require the State to elect upon which count of the indictment it relied for a conviction. It is our opinion that under the peculiar facts of this case, the State was not required to elect. See Houston v. State, 47 S. W. 468; Collins v. State, 178 S. W. 345; Fallon v. State, 230 S. W. 170.

By bill of exception number three, appellant complains of the action of the trial court in permitting the State to recall the witness, E. P. Bomer, and to elicit from him statements made to him by appellant while under arrest. This bill is qualified and in his qualification the court states that appellant, through his attorney, first questioned the witness with reference to statements made by him to the witness while under arrest. That after the appellant had fully interrogated the witness with reference thereto, the State, on redirect examination, went into the matter and elicited from him the fact that appellant said he had three steers in the bunch that he had gotten from Orton, who owed him some money and had paid him in that way; that

appellant did not know how much he had allowed Orton for the steer.

It clearly appears from the qualification to the bill that appellant first went into the conversation between the witness and himself. Consequently under Article 728, C. C. P., the State had a right to offer the remainder of the statements made by the appellant. See Hill v. State, 123 Texas Crim. Rep. 552; Scott v. State, 76 Texas Crim. Rep. 410.

Moreover, appellant took the witness stand and testified substantially to the same facts. Therefore any error committed was harmless.

By bill of exception number 3a, appellant complains because the trial court declined, upon request, to compel the county attorney of Clay County to produce a voluntary written statement made to him by appellant. A similar question was before this Court in the case of St. Clair v. State, 104 Texas Crim. Rep. 423, and was decided adversely to appellant's contention.

By bill of exception number four, appellant complains because the court declined to instruct the jury to return a verdict of not guilty. His contention is that he was entitled to the instruction because the State proved by T. M. Byrd, an agent of the commission company, that when he asked defendant to refund the money which had been paid to him for the steer, appellant stated that the steer belonged to some one else. He contends here, as in the court below, that the testimony elicited from the witness was exculpatory in its nature and the State, having failed to prove it to be false, he was entitled to such an instruction. We can not agree with him. Even though it be conceded that the steer belonged to some one else, yet if the animal was stolen and the defendant knew it and then concealed it, he would nevertheless be guilty under the second count of the indictment, the count upon which the jury found him guilty. Hence, there was no error in the court's ruling.

Bill of exception number five reflects the following occurrence. Appellant offered Ed Orton as a witness, who would have testified, had he been permitted to do so by the court, as follows: That sometime in the late summer or fall of 1936, he purchased four head of white-faced Hereford cattle and unloaded them in Orton's pasture. That E. W. Bullard came by while they were unloading said cattle. That the steer that was sold for $39 in the name of Dick Avery at Vernon on May 6 was one of the four he had bought. That he claimed it and received the proceeds of the sale. That Avery had no claim or title thereto.

The district attorney objected to the witness testifying, on the ground that he was charged with the same offense. The court sustained the objection without hearing any testimony on the question. Nor was there any admission on the part of appellant that he was so indicted. The court qualified the bill, stating: "Ed Orton is indicted in this court in cause number 3205 for the same transaction, for theft in one count and receiving and concealing in another count."

In the case of Smith v. State, 268 S. W. 737, this Court said: " * * * We observe that the question of whether the witness was charged in the indictment pending on the docket of the court below, with the same offense as that charged against appellant, was a question of fact, and in the absence of proof offered before the court supporting the conclusion that the acts, transactions, and offenses were identical, we are unable to perceive how the court could know the fact of such identity. If there was such proof before the court, it should have been so set out in the record as that it could have been brought before this Court, and we could have determined its sufficiency. The fact could not have been demonstrated merely by an inspection of the indictment, if any, on file charging the witness * * * ." See, also, Duffy v. State, 24 S. W. (2d) 415.

There seems to be no question but that the testimony of the witness, if allowed, would have been material. Whether the witness was incompetent, we are in no position to determine from the bill, as there is no evidence showing that he was charged by indictment with the same offense as the appellant. In the absence of such a showing, the presumption prevails that he was competent. Consequently we are constrained to sustain appellant's contention.

Bills of exceptions numbers 7 and 8 are qualified by the trial court and as qualified fail to present error of a reversible nature.

Appellant also complains of the court's failure to instruct the jury with reference to the law of suspension of sentence. It appears from the record that appellant filed an application for a suspension of sentence in the event of his conviction and offered proof in support thereof. The court, for some reason, failed or declined to instruct the jury with reference thereto. Appellant, in due time, objected to the court's charge because it failed to submit to the jury all of the issues raised by the pleadings and the evidence and again in his motion for a new trial urged it as error. It seems to us that Article 776, C. C. P., makes it obligatory upon the trial court, when the plea is filed

and proof offered to sustain it, to instruct the jury to determine whether his sentence, in case of conviction, should be suspended. This is a valuable right and one that embraces the privilege of having a jury determine whether a defendant shall be confined in the penitentiary or be given his liberty under the terms of the Suspended Sentence Law. It was a right which the court, under the facts of this case, could not deny to the appellant. See Tonnahill v. State, 90 Texas Crim. Rep. 184; Taylor v. State, 96 Texas Crim. Rep. 379.

All of the other matters complained of by appellant have been carefully examined by us and are deemed to be without merit.

For the errors pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.