## JAMES T. YOUNGER V. THE STATE.

No. 20020.   Delivered January 4, 1939.
Rehearing Denied February 8, 1939.

The opinion states the case.

*David E. O'Fiel,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was charged by indictment with the theft of property of the value of fifty dollars or over, and assessed a penalty of three years in the penitentiary.

There are only two bills of exception in the record, the first bill complaining of the fact that the prosecuting witness, Willie Balston, the owner of the stolen property, had not qualified himself to testify as to the market value of such property, and that such market value was not properly shown. In answer thereto, we think that the witness had shown himself thus properly qualified. He testified that he knew the market value of a large amount of the stolen property at the time it was stolen in Beaumont, where the property was stolen, and he gave these values unhesitatingly. True, some of the property he was not able to value, but enough of the same was valued to make up a much larger amount than fifty dollars.

The second bill of exceptions presents a rather novel question. It appears therefrom that appellant had made a written confession relative to the taking of this property, which was in the possession of the State's attorney. That appellant's defense was that he had taken some of the articles mentioned in the indictment, but that not enough thereof had been taken at one time to amount to the value of fifty dollars. It appears from the bill that the appellant desired to introduce such statement in order to corroborate his testimony while on the stand that this offense was a series of misdemeanor thefts rather than a felony theft. The State's attorney refused to turn this statement over to the appellant's attorney, and the trial court refused to direct him to do so. It appears from the statement of facts that appellant had, previous to making his written statement, made an oral statement relative to this transaction, and had led the officers to various places where they had recovered a portion of these stolen articles. That this was about four days after the alleged theft. That after having made such oral statement the written one, the subject of this controversy, was made.

It appears from appellant's brief that at one time in the proceedings the State had desired to offer such statement, but that appellant's attorney had objected to its introduction, that the trial court had overruled such objection, but that the State finally decided not to read the same into the evidence, and same was not read. It seems that later on appellant's attorney requested the State's attorney to produce and submit to him such statement in order that same might be used to show that appellant took at different times the goods lost by the complaining witness in such amounts as that each taking would only amount to misdemeanor thefts. We are impressed with the doctrine that appellant should be allowed to show what statement he made, if any, when his right to the property was

first questioned, and such statement should be considered by the jury for whatever it may be worth,—see 41 Tex. Jur., page 220,—but we do not think that all successive statements relative thereto should be used for corroborative purposes of any testimony that he might see fit to give at a later date. Such further statement, so we think, would be but a self-serving declaration, and as such not admissible. See Ashlock v. State, 16 Tex. Cr. Apps. 13. The oral statement made to officer Wingate, which appellant made when first his possession of such stolen goods was challenged, was admissible, and used, and any further and later inconsistent statements on the same subject should come under another and different rule from that laid down in 41 Tex. Jur. 220, supra, and therefore susceptible to the rule of self-serving declarations.

The court charged the jury relative to misdemeanor theft as follows: "If you find that defendant entered the house and took goods therefrom on more than one occasion, then before you can convict him of felony theft it will be necessary that you find from the evidence beyond a reasonable doubt that he alone, or with others with whom he acted in concert, if he did, took goods of the value of $50.00 or more at any one time. And if you have a reasonable doubt as to whether or not the defendant, at any one time, removed goods from said house, of the value of $50.00 or more at any one time then you will give the defendant the benefit of that doubt and acquit him of felony theft, and then in that event you may next consider whether or not he is guilty of misdemeanor theft."

Under this charge, and the facts as they appear in this case, we do not feel inclined to disturb the jury's verdict finding this appellant guilty of felony theft.

We perceive no error in this record, and the judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant, in his motion for a rehearing, contends that we erred in our original opinion in holding the evidence sufficient to show that he and his co-defendants took property of the value of $50.00 or more at any one time. He further contends that the state proved that some of the property taken was not described in the indictment, and therefore could not be a basis for his conviction of a felony.

It was charged in the indictment that appellant, Kajie Wilson, Fred Jackson, Sylvan Bolden, Irving Wilson and Willie

Pullen, on or about the 16th day of February, 1938, in Jefferson County, unlawfully and fraudulently took from the possession of Willie Balston, certain corporeal personal property, to-wit:

Two (2) suits of clothes of the value of............................$50.00
One pair of pants of the value of..................................... 10.00
One pair of pants of the value of..................................... 5.00
One dozen shirts of the value of..................................... 24.00
One pistol of the value of.............................................. 35.00
One handbag of the value of........................................... 15.00
One tire and wheel of the value of................................... 25.00
One cigarette lighter and holder of the value of $5.00 other property included boots, shoes, sacks and pajamas.

Willie Balston testified that this property was taken after 5 p. m. February 16, 1938. That he was familiar with and knew the market value of the property in question at the time and place it was taken; that the market value of the two suits of clothes was $50.00; the cigarette lighter, $5.00; the pants $12.00; the handbag $25.00; the pistol $35.00; Mr. Wingate testified that he knew the market value of the pistol to be over $30.00. Appellant testified that they made about four trips into the building. That they would bring out some of the property on each trip and stack it under the warehouse and then go back and get some more. That they took it from under the warehouse all at one time. He did not specify what property they brought out each time they entered, nor what its value was.

Therefore under all the evidence, the amount of property taken at one time and its value was a question of fact to be determined by the jury. But even if the parties entered four times and each time stacked the stolen property under the warehouse and went back for more, it would still constitute one continuous transaction. Moreover the court, by an appropriate charge, instructed the jury that unless they found from the evidence beyond a reasonable doubt that defendant and those with whom he acted, if any, did not take goods of the value of $50.00 or more at any one time, to acquit him of felony theft. See McKnight v. State, 134 Tex. Crim. Rep., 373; Wilson v. State, 158 S. W., 516; Sec. 2431 Branch's Ann. P. C., p. 1315 subdivision 3.

Appellant also insists that we erred in holding that the trial court did not err in declining to compel the county attorney, upon appellant's request, to produce and deliver to him a voluntary written confession made by him to the county attorney. A similar question was before this court in the cases of St. Clair

v. State, 104 Tex. Crim. Rep., 423 and Avery v. State, 121 S. W. (2d), 992, and decided adversely to appellant's contention. It appears from the record that appellant had made a verbal confession to Mr. Wingate and took him to the various places where he had disposed of the stolen property, and much of it was recovered at these places. Thereafter he made the alleged written confession to the county attorney, which the state sought to introduce in evidence, but upon appellant's objection thereto, the county attorney declined to introduce it. The verbal confession had been introduced already, and there was no need for the introduction of the subsequent written confession. It seems that the subsequent written confession would have been introduced had appellant not objected thereto.

We can see no good reason for receding from our original opinion in this case. The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.