### GASTON LEON STEVENS V. STATE.

No. 25479. December 19, 1951.
Appellant's Motion for Rehearing Denied (Without Written
Opinion) February 13, 1952.

Hon. N. L. Dalby, Judge Presiding.

*Pat Beadle, Clarksville,* for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated as a second offender; the punishment, one year and one day in the penitentiary.

The sufficiency of the evidence to support the conviction, except as hereinafter shown, is not questioned, and therefore a recitation of the facts is not necessary.

The district court of Red River County, where this trial was had, has county court misdemeanor jurisdiction. Article 1970-314, R. C. S., 1925.

The indictment herein charges, first, a felony, alleging the primary offense of driving while intoxicated and, then, charging a former conviction for a similar offense. Count two charges a misdemeanor, in that it charges the same primary offense without mentioning the prior conviction.

At the close of the state's testimony in chief, only the primary offense, i.e., the misdemeanor charge, had been established.

Bills of Exception Nos. 1, 2, 6 and 7 seek to raise in different ways the question of election by the state at the close of its case in chief.

It will be remembered that the primary offense in both portions of the indictment is the same.

We have held that where the same act or transaction is charged in different counts which are phrased differently in order to meet possible variations in proof, the state is not required to elect. Avery v. State, 135 Tex. Cr. R. 557, 121 S. W. (2d) 992, and cases cited there.

The court's qualification to the final bill is as follows:

"When the state rested, the defendant also rested and if the evidence had ended there, the only count that would have been supported by the evidence was the misdemeanor, and the court practically so stated, to which no exception was taken. Then, as stated in the bill, the defendant asked to *reopen* the case, which the court permitted, and the defendant having reopened the case, the jury were held together, and as stated in the bill, the Court then permitted the evidence complained of to be introduced. There was no election between counts either by the State or the Court. The defendant having requested the court to reopen the case simply afforded the state an opportunity to make its case."

If this did not reflect the truth of what occurred, it became appellant's duty to except thereto.

This disposes of appellant's contentions in connection with the question of election.

Bills of Exception Nos. 3, 4 and 5 complain of the introduction in evidence of the certified copies of the complaint, information and judgment in the prior conviction. Appellant's con-

tention is that the proof is not sufficient to establish that he was the same individual convicted in the prior case.

The officer used for the purpose of identifying appellant, in connection with the prior offense, testified in part as follows:

"I was Texas Highway Patrolman. On or about the 23rd day of May, 1949, I recall being in the County Court of Gregg County, Texas. On or about that date, I recall having seen this Defendant, Gaston Leon Stevens, in that court. I know for what reason he was there. He was charged with D. W. I. I recall what his plea was to that charge. He plead guilty to the charge of Driving While Intoxicated."

We conclude that the above testimony sufficiently identified and connected appellant with the prior offense to authorize the introduction of the certified copies of court papers which supplied the necessary elements of proof not furnished by the officer.

Finding no reversible error, the judgment of the trial court is affirmed.