DONALD TROTTER V. STATE

No. 28,153. March 21, 1956.

*Frank D. Wear*, Paris, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the unlawful possession of whiskey for the purpose of sale in a dry area with a prior conviction for a like offense alleged for enhancement of the penalty; the punishmnt, one year in jail and a fine of $500.

In view of the disposition hereof a summary of the facts will be omitted.

The trial court separately submitted to the jury the primary offense and in connection therewith charged the jury that in the event they found him guilty of the primary offense to " * * * assess his punishment at a fine of not less than One Hundred ($100.00) Dollars and not more than One Thousand ($1,000.00) Dollars *or by imprisonment in the County Jail for more than one year or by both such fine and imprisonment.*"

Appellant properly objected to the court's charge applying the penalty to the primary offense.

The statute prescribes the punishment for the primary offense here charged " * * * by fine of not less than One Hundred ($100.00) Dollars and not more than One Thousand ($1,000.00) Dollars, or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment." Vernon's Ann. P. C., Art. 666-41.

The penalty authorized by the court's charge for the primary offense was not within the penalty prescribed by statute. It greatly increased its minimum and its maximum limits as to imprisonment.

The trial court erred in overruling appellant's objection to the charge for failing to submit to the jury the punishment provided by law for the primary offense charged. 24 Tex. Jur. 578, Sec. 94; Branch's Ann. P. C., Sec. 644; Avery v. State, 135 Tex. Cr. R. 557, 121 S. W. 2d 992.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.