## JOHNNY WILL FORD V. STATE

No. 29,733. April 16, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 21, 1958.

*Ralph Chambers,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The primary offense charged was that of unlawfully carrying a pistol, with the further allegation that appellant had been twice prior thereto convicted of the same character of offense.

The provisions of Art. 61, P.C., which authorizes the infliction of punishment in such cases so as not to exceed four times the penalty in ordinary cases, were invoked.

The jury assessed appellant's punishment at three years' confinement in the county jail, which punishment is three times the maximum jail sentence authorized to be imposed in ordinary cases (Art. 483, Vernon's P.C.).

The first prior conviction was alleged to have occurred in Cause No. 111,248, in the County Court at Law No. 3, of Harris County, Texas, on the 11th day of May, 1955.

The second prior conviction was alleged to have occurred in the County Court at Law No. 3, of Harris County, Texas, on the 27th day of September, 1955, in Cause No. 112,824 on the docket of that court.

To prove those allegations the state called a deputy district clerk to Harris County. (The district clerk of Harris County is the clerk of the County Court No. 3 in criminal matters. Art. 1970-110b, Sec. 5, R.C.S.). Without objection, that witness testified that, in Cause 111,248 (the first prior conviction), Johnny Will Ford was charged with carrying a pistol and was convicted on May 11, 1955, and fined one hundred dollars.

As to the second prior conviction, the witness testified that, in Cause No. 112,824, Johnny Will Ford was charged with carrying a pistol, second offender, and was convicted on the 27th day of September, 1955.

Neither the information nor the judgment in these cases was offered in evidence.

The evidence reflects that the deputy district clerk gave her testimony by referring to the three records.

The witness made no effort to identify the appellant as being one and the same person charged and convicted in those cases.

To identify appellant as the same person as convicted in the first prior conviction the state relied upon the testimony of a policeman who said that he was in the County Court at Law No. 3, of Harris County, on May 11, 1955, when the appellant "went before the judge and plead (sic) guilty to carrying a pistol."

The witness was unable to testify that the plea was entered in Cause No. 111,248, as alleged in the information.

To identify the appellant as the same person convicted in the second prior conviction the state relied upon the testimony of another member of the police department of the city of Houston who testified that on the 27th day of September, 1955, he was in "Judge Johnson's Court" when appellant pleaded guilty to carrying a pistol.

The witness was unable to identify the cause as No. 112,824, as alleged in the information.

The foregoing is the testimony upon which the state relied, and appellant's conviction rests, to show that the appellant had been convicted twice before for carrying a pistol.

At the conclusion of that testimony, the appellant moved for an instructed verdict as to the prior convictions because the state had not sustained the allegations of the information.

That motion was overruled, and appellant excepted.

In its final analysis, the testimony relied upon to establish the prior convictions may be stated as follows:

A man by the name of Johnny Will Ford, the same name as that of the appellant, was on the dates and in the causes alleged in the information convicted in two cases of carrying a pistol. The witness supplying that testimony could not identify the appellant as being the Johnny Will Ford named in those cases.

In addition to that testimony it was shown that the appellant was convicted in the County Court at Law No. 3 of Harris County, twice for carrying a pistol. But the witnesses testifying to such facts were unable to give the number of those cases or to identify the numbers as being those which the state alleged in the information.

The testimony of the deputy district clerk having sustained the allegation of the information as to the dates of the judgments and the numbers of the case, we are constrained to agree that the testimony was sufficient to identify the appellant as the same person named in the prior convictions. Stevens v. State, 157 Texas Cr. Rep. 19, 245 S.W. 2d 499.

Other questions presented in the record are overruled without discussion.

No error appearing, the judgment is affirmed.