Fitzsimmons v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-134-CR
No. 10-95-135-CR
No. 10-95-136-CR
No. 10-95-137-CR
No. 10-95-138-CR
No. 10-95-139-CR

        WILLIAM SANFORD FITZSIMMONS,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

From the Criminal District Court No. 3
Dallas County, Texas
Trial Court Nos. F95-00861-J, F95-00862-J,
F95-31241-J, F95-31242-J, F95-31243-J & F95-31244-J
                                                                                                    

O P I N I O N
                                                                                                    

          William Sanford Fitzsimmons, pursuant to a plea agreement, pled guilty to five counts of
aggravated sexual assault of a child and nolo contendere to one count of aggravated sexual assault
of a child. Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii), (a)(2)(B) (Vernon 1994 and Supp.
1996). Fitzsimmons waived his right to a jury, and the trial judge found him guilty of all six
counts and sentenced him to life in each. Fitzsimmons appeals on one point asserting that
insufficient evidence exists to support his conviction in the case in which he pled nolo contendere. 
We will affirm the judgments. 
          Fitzsimmons complains that no evidence supports the State's allegation that he sexually
assaulted David Wayne Martin. He essentially argues that although he pled nolo contendere to
this sexual assault charge, the State did not introduce a judicial confession or stipulation of
evidence to support his plea. Article 1.15 of the Texas Code of Criminal Procedure mandates that
a jury must convict a defendant unless he expressly waives his right to a jury in writing when he
enters his plea in person and in open court. Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon
Supp. 1996). After a defendant waives his right to a jury and enters his plea, article 1.15 requires: 
the state to introduce evidence into the record showing the guilt of the defendant
and said evidence shall be accepted by the court as the basis for its judgment and
in no event shall a person charged be convicted upon his plea without sufficient
evidence to support the same. The evidence may be stipulated if the defendant in
such case consents in writing, in open court, to waive the appearance,
confrontation, and cross-examination of witnesses, and further consents either to
an oral stipulation of evidence and testimony or to introduction of testimony by
affidavits, written statements of the witnesses, and any other documentary evidence
in support of the judgment of the court. Such waiver and consent must be
approved by the court in writing, and be filed in the file of the papers of the cause. 

Id.
          In other words, article 1.15 imposes a burden on the State to offer proof to support a plea
of guilty or nolo contendere. Ex Parte Williams, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986). 
 The trial court accepts this evidence to support the judgment, not the plea of guilty or nolo
contendere. Id. Additionally, evidence supporting a plea of guilty or nolo contendere can consist
of oral or written stipulations which do not "contain a confession of guilt by the accused." Burger
v. State, 920 S.W.2d 433, 435 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd); see also Galitz
v. State, 617 S.W.2d 949, 954-55 (Tex. Crim. App. 1981) (affirming the defendant's conviction
although the defendant executed a written stipulation to the State's witnesses but struck the words
"judicial confession" and "truth of the allegations" from the plea form); Matheson v. State, 832
S.W.2d 692, 693 (Tex. App.—Corpus Christi 1992, no pet.) (holding that the supporting evidence
may include a judicial confession alone or written or oral stipulations of evidence containing a
confession of guilt by the accused).
          After reviewing the record in this case, we find that there is sufficient evidence to support
Fitzsimmons' conviction. Fitzsimmons signed a written stipulation of evidence in which he
admitted committing every element of the offense, aggravated sexual assault of a child. In the
stipulation, he also waived appearance, confrontation, and cross-examination of witnesses and
agreed to stipulate to the oral testimony, affidavits, written statements of witnesses, and other
documentary evidence. At the hearing, the State introduced the stipulation as exhibit four, and
Fitzsimmons acknowledged that he waived his right to a jury, confrontation, and cross-examination and that his plea was voluntary and freely given. The trial judge then proceeded to
ask if he understood all the allegations in the indictment and if he had committed the offense. 
Fitzsimmons confirmed that he understood all the allegations and that he had committed the
offense. Thus, we hold that the plea of nolo contendere and the stipulation of all the elements in
the indictment are sufficient to support the trial court's finding of guilt, and we overrule the point.
          The State has asked us to reform the judgment in cause number 10-95-137-CR which shows
that Fitzsimmons pled guilty instead of nolo contendere. We reform the judgment so that it
reflects Fitzsimmons' plea of nolo contendere and affirm it as modified. We also affirm the other
judgments.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed 
Opinion delivered and filed October 30, 1996
Do not publish 


Tex. Pen. Code Ann
. § 31.09. The charge contained an alternative
of a lesser-included misdemeanor conviction, but the jury found her guilty of the felony.
      The State counters that there are not two thefts but rather one theft which occurred over a
twenty-minute period. Therefore, it says, the aggregation statute does not apply, and the total
value of all the tickets is automatically combined. The State uses the example of a shoplifter who
wanders around a store for a period of time stealing several items. It points out that the tickets
were taken by Burleson while she worked her shift at the convenience store. If the store owner
had not come into the store and spoken to Burleson during this time, the time between the takings
would have been much less.
      In Younger v. State, in the early evening the defendant made four trips into a building, each
trip stealing various items which were placed under a warehouse. Younger v. State, 124 S.W.2d
383, 385 (Tex. Crim. App. 1939). Later, the defendant retrieved all the items at one time from
under the warehouse. Id. The defendant argued that each trip was a separate offense, and the
evidence did not show that the value of the items taken in any one trip constituted a felony. Id. 
The Court held that “even if the [defendant] entered four times and each time stacked the stolen
property under the warehouse and went back for more, it would still constitute one continuous
transaction.” Id.
      Similarly, in Wilson v. State, the defendant took items from different locations in a department
store where he worked and placed them in two bags in the basement of the store. Wilson v. State,
158 S.W. 516 (Tex. Crim. App. 1913). The Court said: “The fact they were taken from different
sections of the store under the circumstances of this case would not constitute different takings,
and would support the proposition that they were taken in pursuance of one purpose, and, legally
speaking, at the same time, so far as the doctrine of theft is concerned when applied to different
takings.” Id.; see also Deem v. State, 318 S.W.2d 649, 650 (Tex. Crim. App. 1958) (pants of
a suit stolen one day and the coat the next constituted a single theft); Flynn v. State, 83 S.W. 206,
207 (Tex. Crim. App. 1904).
      Without commenting on what period of time must elapse between separate acts before the
thefts become separate, we find that under the facts of this case there was but one theft, and
therefore section 31.09 is not applicable.
      We overrule the issue.
Conclusion
      Having overruled Burleson’s issues, we affirm the judgment.
 
                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed August 28, 2002
Publish
[CR25]