Eva Darlene Burleson v. State










WITHDRAWN
12/31/02




IN THE
TENTH COURT OF APPEALS
 

No. 10-00-361-CR

     EVA DARLENE BURLESON,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 77th District Court
Limestone County, Texas
Trial Court # 9251-A
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Eva Darlene Burleson urges us to reverse her conviction and five-year suspended sentence. 
She was charged with theft of lottery tickets from a convenience store where she worked. The
tickets were alleged to have a combined value of $1,500 or more and under $20,000, a state jail
felony. Tex. Pen. Code Ann. § 31.03(e)(4) (Vernon Supp. 2002). At trial, the evidence was
that Burleson stole one lottery ticket at 7:15 a.m. with a value of $1,080, and two packets of
tickets at 7:36 a.m. valued at $250 per packet. The indictment states: “. . . did then and there
unlawfully appropriate by acquiring and otherwise exercising control over, property, to wit:
lottery tickets of the value of $1,500 or more but less than $20,000, from Billy Archibald, the
owner thereof, without the effective consent of the owner, namely, by deception, and with the
intent to deprive the owner of the property . . . .” The indictment did not plead that separate
thefts were being aggregated under section 31.09. Id. § 31.09 (Vernon 1994); Turner v. State,
636 S.W.2d 189, 196 (Tex. Crim. App. [Panel Op.] 1980) (Aggregation is an element of the
offense which must be pled and proved, and the jury so charged.).
      On appeal, Burleson complains that (1) there was no proof that the tickets were obtained “by
deception” as alleged in the indictment, and (2) there were two separate thefts, neither of which
was a felony, and therefore, without compliance with section 31.09 to raise the offense to felony
grade, the felony conviction cannot stand. She claims these are “variances,” i.e., discrepancies
between allegations in the indictment and the evidence at trial, controlled by Gollihar v. State, 46
S.W.3d 243 (Tex. Crim. App. 2001).
“Deception”
      This is not, strictly speaking, a question of a variance. Id. at 246. Although the State
“concedes” in its brief that “by deception” had to be proven, we do not agree. “By deception”
is not a “manner or means” of committing the offense for which pleading and proof would be
required. See id. at 254. Whether Burleson obtained the owner’s effective consent to take the
tickets “by deception” was not legally essential to constitute the offense. See Skillern v. State, 890
S.W.2d 849, 871 (Tex. App.—Austin 1994, pet. ref’d); Zaiontz v. State, 700 S.W.2d 303, 306
(Tex. App.—San Antonio 1985, pet. ref’d). Thus, “by deception,” which is one of the alternative
definitions of what is not a lawful means of obtaining effective consent, need not have been pled. 
Tex. Pen. Code Ann. § 31.01(3)(A) (Vernon Supp. 2002).
      This is, therefore, not a variance problem, but a Malik problem. Malik v. State, 953 S.W.2d
234 (Tex. Crim. App. 1997). Under Malik, we are to determine the legal sufficiency of the
evidence against a “hypothetically correct charge.” Such a charge accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State’s burden of proof or
unnecessarily restrict the State’s theories of liability, and adequately describes the particular
offense for which the defendant is being tried. Id. at 240.
      Here, the hypothetically correct charge would not require the jury to find whether consent was
obtained “by deception,” nor would it contain a definition of a non-essential issue.


 Measured
against a hypothetically correct charge, and Burleson does not argue otherwise (except for the
issue below), the evidence that she committed the offense as alleged is legally sufficient, i.e., after
reviewing all the evidence in the light most favorable to the verdict, we find that a rational trier
of fact could have found the essential elements of the crime beyond a reasonable doubt. Lane v.
State, 933 S.W.2d 504, 507 (Tex. Crim. App. 1996) (citing due process standard from Jackson
v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
      We overrule the issue.
Aggregation of the amounts
      Burleson argues that the evidence showed two separate misdemeanor thefts which occurred
twenty minutes apart; because they were not aggregated according to statute, she could only be
convicted of a misdemeanor. Tex. Pen. Code Ann. § 31.09. The charge contained an alternative
of a lesser-included misdemeanor conviction, but the jury found her guilty of the felony.
      The State counters that there are not two thefts but rather one theft which occurred over a
twenty-minute period. Therefore, it says, the aggregation statute does not apply, and the total
value of all the tickets is automatically combined. The State uses the example of a shoplifter who
wanders around a store for a period of time stealing several items. It points out that the tickets
were taken by Burleson while she worked her shift at the convenience store. If the store owner
had not come into the store and spoken to Burleson during this time, the time between the takings
would have been much less.
      In Younger v. State, in the early evening the defendant made four trips into a building, each
trip stealing various items which were placed under a warehouse. Younger v. State, 124 S.W.2d
383, 385 (Tex. Crim. App. 1939). Later, the defendant retrieved all the items at one time from
under the warehouse. Id. The defendant argued that each trip was a separate offense, and the
evidence did not show that the value of the items taken in any one trip constituted a felony. Id. 
The Court held that “even if the [defendant] entered four times and each time stacked the stolen
property under the warehouse and went back for more, it would still constitute one continuous
transaction.” Id.
      Similarly, in Wilson v. State, the defendant took items from different locations in a department
store where he worked and placed them in two bags in the basement of the store. Wilson v. State,
158 S.W. 516 (Tex. Crim. App. 1913). The Court said: “The fact they were taken from different
sections of the store under the circumstances of this case would not constitute different takings,
and would support the proposition that they were taken in pursuance of one purpose, and, legally
speaking, at the same time, so far as the doctrine of theft is concerned when applied to different
takings.” Id.; see also Deem v. State, 318 S.W.2d 649, 650 (Tex. Crim. App. 1958) (pants of
a suit stolen one day and the coat the next constituted a single theft); Flynn v. State, 83 S.W. 206,
207 (Tex. Crim. App. 1904).
      Without commenting on what period of time must elapse between separate acts before the
thefts become separate, we find that under the facts of this case there was but one theft, and
therefore section 31.09 is not applicable.
      We overrule the issue.
Conclusion
      Having overruled Burleson’s issues, we affirm the judgment.
 
                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed August 28, 2002
Publish
[CR25]