JACK FLYNN v. THE STATE.

No. 2837.   Decided June 23, 1904.

1.—Indictment—Theft—Theft from Person.

Different offenses, such as theft and theft from the person, may be charged in the same indictment by way of separate and distinct counts.

2.—Charge of the Court—Felony—Misdemeanor.

Where the evidence showed that prosecutor had $85 when he went into a house of ill fame, where he handed defendant different sums to buy. beer, who did not return the change and only had $5 when he came out of the house, and the court submitted the law both of felony and misdemeanor to the jury, a conviction for the theft of property over the value of $50 will not be disturbed.

ON REHEARING.

3.—Evidence—Theft—Pretext.

Where the evidence showed that defendant devised a pretext to induce the prosecutor to part with his money, it is theft.

4.—Same—Conversion Theft, When.

A conversion of property, where one obtains it for the purpose of appropriating it to his own use is theft regardless of any pretense.

5.—Continuous Act, One Theft.

Where the evidence showed appellant's design to be to get prosecutor's money under the pretext of changing it, and that he knew that prosecutor was drunk and that he had a considerable amount of money and defendant entered a

house of ill fame with prosecutor and during the course of an hour or an hour and a half by successive orders for beer, induced prosecutor to hand him in all $80, which he appropriated, the same is a continuous act, as to constitute it one theft.

Appeal from the District Court of Lamar. Tried below before Hon. Ben H. Benton.

Appeal from a conviction of theft of property over the value of $50; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*J. C. Hodges* and *J. M. Long,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—On question of sufficiency of indictment: Greenwood v. State, 44 S. W. Rep., 177.

HENDERSON, JUDGE.—Appellant was convicted of the theft of property over the value of $50, and his punishment assessed at confinement in the penitentiary for a term of seven years; hence this appeal.

The court did not err in refusing to quash the indictment. The indictment was in two counts, one of which charged theft from the person, and the other theft of property over the value of $50. While they were different offenses, yet it was competent to charge them in distinct counts in the same indictment. Greenwood v. State, 44 S. W. Rep., 177.

We do not believe it was error for the court to refuse to submit to the jury the question as to whether Ed Holton was an accomplice. In our opinion, the testimony does not put him in that attitude. The court's charge as to accomplice testimony as applied to Jennie Fuller was not subject to the criticism of appellant's counsel. It was a proper charge.

The court submitted the question of a misdemeanor to the jury; and bsides the court gave the requested charge of appellant on the subject, and under the evidence we believe the jury very properly found that appellant was guilty of a felony; that is, that he took more than $50 from the prosecutor Moore at one time. The only witness who speaks on this subject is Jennie Fuller. Other evidence shows that prosecutor must have gone into her house with $85 in currency. When prosecutor came out of the house he only had $5 in currency. She testifies to three occasions in which money was taken from the prosecutor by appellant. In the first she shows that $30 in bills were taken by appellant from prosecutor, and that he handed back to prosecutor a $20 bill. This left prosecutor with $75. She speaks of one other occasion in which bills were taken by appellant from prosecutor, but she was not definite as to the amount. She testifies to the last occasion in which only $5 was taken, but this $5 was handed back by appellant to prosecutor. This evidently left $70 or about that amount, certainly over $50, that must have been taken by appellant from prosecutor at one time. In our opinion the testimony is ample. The charge of the court was sufficient. The judgment is affirmed.                    *Affirmed.*

ON REHEARING.

November 30, 1904.

HENDERSON, JUDGE.—This case was affirmed at the Austin term, and is now before us on motion for rehearing. It is insisted that the property was delivered by the prosecutor voluntarily, and that there being no taking such as the law contemplates, this could not be theft. It occurs to us that the evidence sufficiently shows a pretext devised by appellant to induce the prosecutor to part with his money. Prosecutor was drunk and was induced by appellant to send for more beer, and he thus obtained possession of prosecutor's money under pretext of changing it, when he would appropriate the money, not giving back any change. Besides, article 861, Penal Code, makes a conversion of the property, where one obtains it for the purpose of appropriating it to his own use, theft, regardless of any pretense. Rice, Crim. Ev., p. 736.

Appellant further insists, and strenuously urges before this court, that the evidence does not show a taking of a sufficient amount of money at any one time to constitute this a felony. This question is considered in the original opinion, to which reference is made in this connection. The proof shows that prosecutor had $85 when he went across the street with appellant to Jennie Fuller's; that he remained there an hour or an hour and a half, during which time there was taken from him $80, for when he left the house and came to himself from the effects of the "doping" by appellant, he had only $5, when he is shown to have $85 when he went there. So that, during an hour and a half he was induced by appellant to hand him $80 during two or three occasions to buy beer, which money was not returned. The record informs us that on the first occasion appellant got only $10, and afterward a roll of bills was handed appellant by prosecutor. How many is not distinctly shown, but it is shown that no change was returned. There may have been one other occasion when money was handed by prosecutor to appellant to change in order to pay for beer, in which he appropriated the money, but this is not made clear. So that there was evidence before the jury of an appropriation of $70 at one time.

However, in our opinion, it is not necessary to rest this decision on that proposition; inasmuch as the evidence shows to our minds that the transaction in which the money was taken was a continuous one. Appellant evidently designed when he went over to Jennie Fuller's to obtain from prosecutor his money, and to appropriate it to his own use. He proposed to do this by "short-changing" prosecutor, as appellant himself terms it. During the space of an hour or an hour and a half, in one, two, or three transactions, in sending for beer and obtaining money from prosecutor, he is shown to have obtained from him as much as $80, and to have appropriated it to his own use. Of this amount he gave Jennie Fuller $20. This, under the authorities, would constitute a continuous transaction. Cody v. State, 31 Texas Crim. Rep., 183, and authorities there referred to; White v. State, 33

Texas Crim. Rep., 94; Barnes v. State, 3 Texas Ct. Rep., 584. It appears to us that the illustrations given in the first named case indicate the character of this offense, and that it was a continuous offense. One illustration given is, where one drives at night a wagon to the fence, and carries cotton from a pile in the field to his wagon, thirty yards away, fills it and drives away. The taking of this cotton, though by successive baskets full, was held to be theft of the whole. Although there were different acts, still they were continuous, and the whole transaction was instigated by one impulse and purpose. Again, where one breaks into a store at night and carries out by successive trips as much goods as he wished, the amount taken in the aggregate is the amount stolen, and if this is sufficient to constitute a felony, the offense is a felony. Harris v. State, 29 Texas Crim. App., 101. Here there was one design, one impulse, one purpose on the part of appellant. He knew prosecutor had a considerable amount of money. He knew he was drunk. He went with him to a house of a prostitute (Jennie Fuller) and there induced him to buy beer, and during an hour or an hour and a half, by successive orders, he induced prosecutor to hand him $80, which he appropriated. This, in our opinion, was such a continuous act as to constitute it one theft. The motion for rehearing is accordingly overruled.

*Motion for rehearing overruled.*