### Henry Braxton v. The State.

#### No. 3744.   Decided February 6, 1907.

**1.—Felony—Theft of Money—Confession—Warning.**

Where upon trial for theft of money, the warning given was sufficient, and there was no coercion or persuasion, the confession was properly admitted.

**2.—Same—Charge of Court—Weight of Evidence.**

Where upon trial for the theft of money, the defendant claimed that he had nothing to do with it, a charge on the question of fraudulent taking could not injure defendant, and was not on weight of the evidence.

**3.—Same—Variance—Allegation—Charge of Court.**

Where upon trial for theft of money, the charge seemed to have considered that the proof offered by the defense constituted a variance from the allegations in the indictment, the same was favorable to the defendant, and not on the weight of the evidence.

**4.—Same—Swindling—Title of Property.**

Where upon trial for theft, there was no evidence that the prosecutor intended to part with the title in the money alleged to have been stolen, but was to have received it back with other money, and that he merely gave it in change, there was no intent on his part to part with the title; and the court was not required to submit a charge on swindling.

Appeal from the District Court of Johnson.   Tried below before the Hon. O. L. Lockett.

Appeal from a conviction for theft of money of the value of $50; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.—Cited: Lewis v. State, 13 Texas Ct. Rep., 523; Hernandez v. State, 20 Texas Crim. App., 151.

HENDERSON, JUDGE.—Appellant was convicted of theft of money of the value of $50 and his punishment assessed at confinement in the penitentiary for a term of ten years; hence this appeal.

The State's case shows theft by false pretext. One negro by the name of George Langford pretended to find a pocketbook in the town of Cleburne near where appellant and prosecutor, Henry Server, were standing. All of the parties were negroes, and Ringling Bros. circus exhibited in Cleburne on that day. After Langford picked up the pocketbook, appellant remarked about it, and Langford told them if there was anything in it he would divide with them if they would not say anything about it, and this appears to have been agreed to by the prosecutor, Henry Server. Langford looked into it pretending to discover a $100 bill, and went off to get it changed, and came back and said he could not, and asked the parties if they would whack up, each of them to get $33.30. Braxton produced $10, or pretended to produce $10, and gave it to Langford, and prosecutor produced $50, $20 in silver and $30 in currency. Langford made some excuse after getting the money and got off, and presently appellant got off. Proof on part of the State shows that appellant subsequently met with Langford and they divided the money. This is a sufficient statement of the case to discuss the questions presented.

During the examination appellant objected to his confession as introduced through the officer McClain on the ground that same was induced by questions asked. We think the warning given was sufficient and the questions asked did not tend to show that appellant was either coerced or persuaded to make the statements he did.

Appellant excepted to the charge of the court in motion for new trial, as follows: "That if you believe from the evidence that the defendant, Henry Braxton, was present in company with George Langford when the said George Langford took the said $50, if you find that he did so, from the witness Henry Server, but you further find that Henry Braxton did not know of the fraudulent intent, if any, of the said George Langford, at said time and place; or if you believe from the evidence that the said Henry Braxton was present when George Langford fraudulently took the said $50 from the said Henry Server, if you have found such to be the fact, but you further find that Henry Braxton did not aid by act or encourage by words or gesture the said George Langford to engage in the taking of the said $50; or if you find from the evidence that the said George Langford fraudulently took from the said Henry Server $50, but you further find that the $30 in current money and $20 in silver, as alleged in the indictment in this case, was not taken by the said George Langford; or if you have a reasonable doubt of either one of the above propositions you will give the defendant the benefit of such doubt, and in that event find him not guilty." This charge was objected to on the ground that it was on the weight of the evidence in that it assumes that George Langford took the money of prosecutor fraudulently. We do not

think this charge, as presented, can be considered a charge on the weight of evidence. Aside from this, we do not understand that appellant controverts the fact that prosecutor's money was taken by George Langford fraudulently, his defense being that he did not have anything to do with it.

Appellant also objected to the following charge: "You are instructed that the indictment in this case alleges that Henry Braxton took from the witness Henry Server $20 in money and $30 in current money, and you are instructed that if you find from the evidence that the said two amounts were not taken by George Langford when the defendant, Henry Braxton, was present so as to constitute him a principal, then you will acquit the defendant, although you may believe that he was present as a principal as hereinbefore defined to you with the said George Langford, and the said George Langford fraudulently took $30 in silver and $20 in currency, reversing the amount charged in the indictment; then you will find the defendant not guilty." We do not believe this charge is upon the weight of testimony, besides it is favorable to defendant, because it seems to authorize his acquittal if the State failed to prove the allegations in the indictment as laid. The indictment charges the taking of $20 in money which, we take it, is silver money, and $30 described as current money, and there was some proof on the part of the defense that the $30 was silver, and the $20 was currency, and the court authorized the jury to acquit if these amounts were reversed, that is, if we understand the charge, he seems to have considered that the proof offered by the defense constituted a variance from the allegations in the indictment, otherwise the charge does not seem to have any meaning. Of course, this was a more liberal charge than appellant was entitled to.

Appellant also complains because the court failed to charge in favor of defendant that if the prosecutor intended to part absolutely with his $50 that it would be swindling and not theft. We do not believe the proof in this case required the court to give such a charge to the jury. There is no evidence that prosecutor intended to part with title in his $50. He was merely giving this $50 in change, and was to get back immediately his $50 with other money. We gather from these facts that there was no intent to part with the title, but merely to furnish his money in order to get back immediately the same amount of money with $25 or $30 more. See Flynn v. State, 83 S. W. Rep., 206, and see the question as to the distinction between theft and swindling discussed in Bink v. State, 17 Texas Ct. Rep., 469. In the latter case it was held that the circumstances showed that appellant loaned the money, and that this constituted a parting with the title. Here there was no loan, but merely a parting with the possession to enable the change to be made, and prosecutor's money, or its equivalent, was to be handed to him at once. Under the facts of this case,

the court was not required to give a charge on swindling. There being no error in the record, the judgment is affirmed.

*Affirmed.*