### G. F. MOORE v. THE STATE.

No. 7821. Decided November 7, 1923.

Rehearing denied December 5, 1923.

1.—Theft—Charge of Court—Principals—Misdemeanor.

Where, upon trial of theft of the value of over $50, the court refused to submit a peremptory charge to find defendant guilty of a misdemeanor, if guilty under the facts, and properly charged on principals and applied the law to the facts of the case, there is no reversible error, in the absence of a requested charge on principals.

2.—Same—Felony—Charge of Court—Continuous Transaction.

Where the evidence showed that the connecting of the tanks containing gasoline of the owner with the gasoline tanks of defendant, was by a small pipe line, which in the course of time would fill the latter tanks, constituted a continuous transaction, and the taking of 1,000 gallons of gasoline in this manner from the owner's possession with intent to appropriate it to the use of defendant, the same constituted a felony and not a misdemeanor, and the court's charge in submitting felony was correct.

3.—Same—Rehearing—Misdemeanor—Felony.

In the opinion of the court the connection being made by a pipe through which there would appear to run a necessarily small but continuous stream of gasoline from the larger tanks to the smaller ones until the latter were filled, could in no sense be held to be a number of successive misdemeanors but must be deemed to be one taking of all of the gasoline stolen, and there was no error in submitting the court's charge on felony theft.

Appeal from the District Court of Wichita. Tried below before the Honorable P. A. Martin.

Appeal from a conviction of felony theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Mathis & Caldwell,* and *Heyser & Hicks,* for appellant. On question of charge of court on felony, Day v. State, 159 S. W. Rep., 1186; Johnson v. State, 122 id., 877; Herberg v. State, 222 id., 559.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Wichita County of theft of property of the value of more than fifty dollars, and his punishment fixed at two years in the penitentiary.

From the case as we understand it it appears that pipe lines had been laid from the tanks of the alleged owner of the stolen property, through which were conveyed to smaller tanks in the care, management and control of appellant quantities of gasoline. That the last few feet of the pipe so conveying gasoline consisted of a hose would seem to make no difference. It is made to appear that in the tanks of appellant there were more than a thousand gallons of gasoline at the time of the discovery of the illegal transaction involved.

There are three bills of exception, in one of which complaint is made that the court refused to peremptorily instruct the jury that appellant could not be guilty of a felony; in the second of which appears substantially the same thing, that is, it presents an exception to the court's charge submitting to the jury the theft of more than fifty dollars worth of property; the third complains of that paragraph of the court's charge in which he submitted the theory of the acting together of appellant and another, it being asserted that the proof of such fact was too indefinite and that there was no allegation in the indictment of an acting together with another. In our opinion neither bill presents reversible error. Examining the charge of the court we observe that the only things said therein in reference to principals are found in paragraphs 2 and 3. Paragraph 2 states that all persons are principals who are guilty of acting together in the commission of an offense. Paragraph 3 instructs the jury that if they find and believe from the evidence beyond a reasonable doubt that defendant Moore either acting alone or with others, etc. No fuller or more explicit charge on the question of principals was requested, the record containing only the requested charge referred to above to the effect that appellant if guilty at all would only be guilty of a misdemeanor.

We regret that we are not able to agree with appellant's contention as earnestly made in brief and oral argument, that the evidence does not support a judgment of conviction of an offense of the grade of felony. It is made to appear that upon discovering that they were losing gasoline an investigation was made and certain

tanks were discovered at appellant's place, connected as aforesaid with those of the owner of the missing property. Same were housed up and were found to contain gasoline. The tanks were about thirty-six inches in diameter and probably about five feet high and would hold about a thousand gallons each. The number of them is not stated but it is stated that there were several. The price of gasoline at the time was stated to be possibly twenty-two cents but was figured by the owner at least at nineteen cents. That this means nineteen cents a gallon is too clear from the record for us to raise any quibble about it. The taking of one of the tanks of gasoline containing a thousand dollars would appear to be the taking of property of the value of considerably more than one hundred dollars. The connecting of the tanks of the owner with the tanks of appellant by a small pipe line which in the course of time would fill the latter tanks, would seem to us to be one continuous transaction and to be in law what same was intended to be evidently by appellant, that is, the taking of a thousand gallons of gasoline from the owner's possession with intent to appropriate it to that of appellant. The transaction would be somewhat analogous to the act of one who should drive out of another's lot a herd of cattle through a gate so small that but one of them could go out at a time. It would need no argument or illustration to establish the fact that this would constitute but one taking and that the accused could plead a former conviction of acquittal of the taking of any such cattle in bar of any further prosecution.

Finding no error in the record, an affirmance is ordered.

*Affirmed.*

ON REHEARING.

December 5, 1923.

LATTIMORE, JUDGE.—We have carefully examined the contentions made by appellant in his motion for rehearing and regret our inability to agree with same. We do not think the learned trial court called upon to instruct the jury as to misdemeanor theft when the theft complained of consists in the connecting up of large gasoline tanks owned by the party described in the indictment as the owner of the alleged stolen property with smaller tanks owned by the appellant, the connection being made by a pipe through which there would appear to run a necessarily small but continuous stream of gasoline from the larger tanks to the smaller ones until they were filled. In our opinion this could in no sense and by no process of reasoning be held to be a number of successive small or misdemeanor thefts but must be deemed to be one taking of all of the gasoline

stolen or shown by the proof to have been lost at that time and in this manner. Adopting an illustration attempted by appellant in his motion, if a pen full of turkeys was raided and taken one at a time by A and each so taken passed out to B who had his conveyance at a convenient point, and this continued until all the turkeys were taken, it could hardly be deemed in law a number of takings but would be held to constitute but one offense.

Being unable to agree with the contentions made by appellant in his motion for rehearing, same will be denied.

*Overruled.*