HENCE ORAN SINGLETON V. STATE.

No. 26,077.  December 10, 1952.

*Newman & McCollum,* by *Sam McCollum III,* Brady, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is burglary; the punishment, two years.

M. A. Gainer, a general merchant at Rochelle, testified that his place of business was burglarized sometime during the night of September 18, 1950, and a great many dry goods items, as well as money and checks from the safe, were taken therefrom. He stated that on the day before the burglary he had inspected

the shelves in which he kept men's hats and that he saw there in its accustomed place a box for the only size 7½ hat which he had in stock at that time. He stated that it was never his practice to leave an empty hat box on the shelves. He further stated that on the morning following the burglary he found this same hat box open and empty, lying on the floor in front of the shelves. The witness further testified that the missing hat was one of an order of 3X Stetson hats which he had received under stock number 71055, in the band of each of which was stamped the name and address of his company. He identified the hat introduced in evidence by the size, make, quality, stock number, and also by the fact that the name of his company had been scratched out but was still discernible upon close inspection. He further testified that certain boots were stolen, and he identified them by stock number. Quite understandably, his identification of the other items stolen was not as accurate as that relating to the hat, but such was not necessary.

Officer Montgomery testified that on January 18, 1951, in company with other peace officers, he went to the home of appellant, where they conducted a search, during the course of which they found a great many dry goods items and found on the appellant's head the hat which was introduced in evidence, the sweat band of which had been scratched so as to obliterate certain markings therein.

Mrs. Parsons testified that she and her husband had been residing in appellant's home at the time of the burglary; that late one evening the appellant and her husband had left the home, refusing to tell her where they were going; and that they had not returned until the next morning. The witness testified that upon their return they had quite a few dry goods items, which they divided among themselves; that each of them had boots and hats; and that her husband advised appellant to obliterate the name "M. A. Gainer" in the band of his hat; that the appellant had done so in her presence and had thereafter worn the hat. It was stipulated that Billy Parsons, the husband of this witness, had plead guilty to the burglary herein charged.

The sheriffs of Johnson and McCulloch Counties also testified and corroborated the testimony of Officer Montgomery and traced the custody of the items introduced in evidence.

Appellant, testifying in his own behalf, denied having left his home with Parsons on the night of the burglary and stated

that Parsons had given him the telltale hat sometime before the burglary. He was supported in his testimony by that of his wife and her relatives.

The jury resolved this issue of fact against the accused, and we find the evidence sufficient to support the verdict.

We shall discuss the contentions of appellant in the order raised in his brief.

Bill of Exception No. 1 relates to the sufficiency of the evidence and need not have been presented in a bill, since this court passes upon the same in all cases whether raised or not. 4 Tex. Juris., Sec. 147, p. 206.

Bill of Exception No. 2 complains of the refusal of the court to instruct the jury that the witness Mrs. Parsons was an accomplice as a matter of law.

We find that the trial court left this question for the jury's determination under a proper charge. Under the facts of this case, such was the proper procedure.

Bill of Exception No. 3 complains of that portion of the court's charge wherein he charged on the law as to principals. He contends that the evidence was insufficient to raise the issue that appellant acted with Parsons in the commission of the burglary.

In Harper v. State, 95 S. W. 125, we said:

"It is not necessary, in order to make a party a principal, that there be direct and positive evidence of the presence of the party and his participancy in the original taking. If the circumstances exclude every reasonable hypothesis except guilt, this is sufficient."

We find a great many informal bills of exception indexed in the statement of facts. None are briefed. A goodly number thereof are predicated upon the theory that the search of appellant's home, which resulted in the finding of the stolen property, had occurred four months after the burglary and was, therefore, too remote in point of time from the burglary, which rendered the fruits of the search inadmissible. With this contention, we cannot agree. It must be remembered that the state did not rely alone upon the testimony of the officers in order

to place the appellant in possession of the fruits of the burglary. Such testimony was supplemented by that of Mrs. Parsons, who placed the articles in appellant's possession the morning following the burglary.

Finding no reversible error, the judgment of the trial court is affirmed.