**Glen Joseph JOHNNENE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40503.**

Court of Criminal Appeals of Texas.

June 28, 1967.

Walker Brents, Jr. (appointed counsel), Fort Worth, for appellant.

Frank Coffey, Dist. Atty., R. J. Adcock and Gordon Gray, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from an order revoking probation.

On January 17, 1966, appellant waived trial by jury and plead guilty to Burglary with Intent to Commit Theft and was assessed a punishment of five (5) years confinement in the Texas Department of Cor-

rections. The imposition of the sentence was suspended and the appellant was granted probation subject to certain conditions among which was one that he "commit no offense against the laws of this State or any other State or the United States."

On October 7, 1966, the State filed a motion to revoke appellant's probation, alleging that the terms and conditions thereof had been violated in that he, on or about September 9, 1966, committed the theft of a lawnmower of the value of $169.00.

On November 21, 1966, the Court, after a hearing, entered an order finding that the appellant had during his probationary term committed the alleged theft and ordering the appellant sentenced in accordance with the law.

The sole question presented on appeal is whether the trial court abused its discretion in revoking probation, it being the appellant's contention that the evidence is insufficient to establish his guilt of the theft of the lawnmower.

Joe Crothers, an employee of the White Auto Store No. 4 in the City of Fort Worth, testified that at approximately 4 P.M., on September 9, 1966, while seated in front of the store in a parked automobile with his wife, he observed appellant drive up to the store in a 1956 or 1957 red Chevrolet panel truck accompanied by three colored men; that appellant entered the store and one of the colored men approached Crothers and inquired of him (Crothers) if he would call "the law" if a nearby lawnmower belonging to the store was borrowed. After replying in the affirmative, Crothers immediately rushed into the store to relate what had occurred and when he did, appellant "busted and run out of the store" and back to the panel truck.

Mrs. Pearl Crothers corroborated her husband's testimony. In addition, she revealed that she saw two of the colored men load the lawnmower into the panel truck and thereafter saw appellant run out of the store and drive off in the panel truck in great haste.

One of the salesmen at White's attempted to follow appellant and his companions, but lost them in the heavy traffic.

Joe Heaton, manager of White's Auto Store No. 4, testified that on September 9, 1966, he had control and possession of the riding lawnmower in question. He related that the lawnmower with a market value of $169.25 had been taken without his consent. While not present at the time of the taking, he returned to the store shortly thereafter and with Crothers and his wife began a search for appellant, his companions and the panel truck which they had observed. Within forty-five minutes, they located appellant and two colored men in the same panel truck at the intersection of Evans and Magnolia Streets, and recovered the stolen lawnmower from a drug store across the street.

D. M. Cook, a Fort Worth City Police Officer, testified he arrested appellant at the above described intersection in the company of two colored men and was present when the lawnmower was recovered.

J. C. Nolan, an employee of Stag's Drug Store at the corner of Evans and Magnolia Streets, testified on September 9, 1966, that he loaned $20.00 on the riding lawnmower in question to an unidentified colored man shortly before it was recovered from him by someone from White's Auto Store. He related that at the time of the transaction he did not see appellant or his panel truck, but did observe both outside his drug store after the recovery of the lawnmower.

Testifying in his own behalf, appellant denied the theft and claimed that at the time he was at his home where he conducted a business of selling used work clothes. He admitted that he had allowed some colored men whom he had employed that day to borrow his panel truck to go to lunch between 3 P.M. and 4 P.M., and that he was taking them home when he was arrested.

It is appellant's contention that considering the evidence in the light most favorable to the State, it shows only appellant's presence in the vicinity of the offense and is not sufficient to show he committed any offense.

▮ We cannot agree. While it is true that mere presence alone will not constitute one a principal, we conclude that the facts are sufficient to make appellant a principal. Article 65, Vernon's Ann.P.C.; Middleton v. State, 86 Tex.Cr.R. 307, 217 S.W. 1046.

In Everett v. State, Tex.Cr.App., 216 S.W. 281, this Court said:

"An agreement of parties to act together in a common design can seldom be proven by words, but reliance can often be had on the actions of the parties showing an understanding and common design to do a certain act."

See also Mills v. State, Tex.Cr.App., 417 S.W.2d 69.

▮ Finding the trial judge did not abuse his discretion, the judgment is affirmed.