**James William MILLS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40497.**

Court of Criminal Appeals of Texas.

June 28, 1967.

George R. Milner (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., John Emmett, Joe Hendley, and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is attempted burglary with two prior non-capital convictions alleged for enhancement; the punishment, life.

The sufficiency of the evidence to sustain the conviction of the appellant as a principal to the primary offense is challenged. Deputy Sheriffs Brown and Bean testified that on the night in question they had a certain store in a semi-rural residential section of Dallas County under surveillance. At about 11:00 p. m., a rusty colored 1961 Pontiac station wagon passed the point from which they were conducting their lookout traveling at a speed of 15–20 miles per hour. The station wagon proceeded on past the store. Three men were in the vehicle, and it passed the store at three minute intervals four more times at the same rate of speed and on each occasion the same number of men were seated therein. On the sixth time around the station wagon came to a halt in front of the store, and one of its occupants approached the store, broke the glass in the front door, and returned to the Pontiac and it again drove away. The officers gave pursuit and within 80 yards from the store brought the Pontiac to a halt. Appellant was seated in the middle of the front seat. A search of the station wagon revealed three pairs of gloves and a pry bar under the front seat.

Appellant did not testify or offer any evidence in his own behalf.

In support of his contention reliance is had, among other authorities, upon Gillard v. State, 128 Tex.Cr.R. 514, 82 S.W.2d 678, and Allen v. State, Tex.Cr.App., 20 S.W.2d 1056. In Gillard, the two holdup men left Gillard in the automobile 100 yards away from the scene of the robbery and when they were apprehended, loot was found on the persons of the two and none in Gillard's possession. Allen was engaged in a crap game near a still, but was not shown to have any connection with the ownership or management thereof.

We have concluded that the facts make appellant a principal under definition (1) set forth in Middleton v. State, 86 Tex. Cr.R. 307, 217 S.W. 1046.

In Everett v. State, Tex.Cr.App., 216 S.W.2d 281, we said:

"An agreement of parties to act together in a common design can seldom be proven by words, but reliance can often be had on the actions of the parties showing an understanding and common design to do a certain act."

We further call attention to the holding in Harper v. State, Tex.Cr.App., 95 S.W. 125, and Singleton v. State, 158 Tex.Cr.R. 71, 253 S.W.2d 441, wherein we said:

"If the circumstances exclude every reasonable hypothesis except guilt, this is sufficient."

We find the evidence sufficient to establish that it was appellant's intent to return and enter the store in the event no one was alerted by their original breaking.

The judgment is affirmed.