**Nicolosa Contreras PENA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40802.**

Court of Criminal Appeals of Texas.

Dec. 13, 1967.

Rehearing Denied Jan. 24, 1968.

Charles W. Tessmer (on appeal), Henry J. Novak, Jr. (on appeal), Dallas, for appellant.

Henry Wade, Dist. Atty., Arch Pardue, Charles Caperton and William S. Mason, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is felony theft; the punishment assessed by the jury, eight (8) years confinement in the Texas Department of Corrections.

Appellant challenges the sufficiency of the evidence to sustain her conviction as a principal to the offense of felony theft and to prove that all of the items alleged in the indictment were taken on or about August 4, 1966.

On August 4, 1966, a City of Dallas police officer and a part-time security officer for Titche-Geottinger Department Store (Wynnewood Shopping Center—Oakcliff) observed appellant, known to him to be a shoplifter, and Mary Helen Pena in said store. After keeping them under surveillance for several minutes, he observed them walk from the lingerie department to the junior sportswear department where he witnessed appellant remove a dress from the display rack, hold the dress down low, roll it up into a ball and stick it into a large Titche's shopping bag (the type given to a customer at the time of a purchase) which Mary Helen was holding open and then saw Mary Helen close the bag. Immediately thereafter the officer observed the two women proceed to the exit whereupon he stopped them, showed them his identification and told them that they were under arrest. He asked to examine appellant's handbag and attempted to take possession of it. While the appellant and the officer struggled over her handbag, Mary Helen Pena fled across the street into another business establishment where she was apprehended shortly thereafter. After the apprehension of both of the women, they were taken by the officer to the security room in the store where it was discovered that neither one had any type of identification and where subsequently the appellant gave the officer a false name. Upon searching the shopping bag which had been found in the store in the path of Mary Helen Pena's flight, the officer found the dress that he had observed appellant remove from the display rack. Also in the bag were twenty-two pairs of ladies' panties, two brassieres, two birthday cards, one pair of sunglasses and a large straw hat. The only receipt found in the bag was for a $.50 purchase of the large straw hat. Neither appellant nor the other woman could produce a receipt for any of the other items in the bag. Neither appellant nor the other woman were seen taking any other items except the dress and no proof was offered as to just when the other items were taken. The store supervisor

did, however, testify that all the items alleged in the indictment, as well as the birthday cards, were in her care, custody and control and that they were taken from her possession without her consent. She further testified that immediately following the apprehension of the two women that she went to the counter where the ladies' panties were kept or displayed and found that the bin in which the size 7 panties were displayed was empty.

Testifying in her own behalf, appellant related that on the date in question she went to Titche's to seek a friend of hers and that upon finding that the friend did not work at that particular Titche's store she began looking at some robes in the store when she met Mary Helen Pena, who was just a "hello" friend. Appellant related that she and Mary Helen began shopping around the store and that when they got to the junior sportswear department Mary Helen Pena told her that she would like a certain dress for her little girl and asked the appellant to take the dress off the hanger and put it in the bag. Appellant stated that she took the dress off the hanger but then claimed that Mary 'Helen Pena grabbed it from her and put it in the bag. She further related that she started to leave the store after Mary Helen did this because she had a funny feeling as a result of the occurrence. She further related that she and Mary Helen were arrested by the store's security officer. She testified further that the first she knew of the contents of the bag was when such contents were removed from the bag in the security room following her arrest. On cross-examination appellant testified that she was the same Nicolosa Pena who was charged, tried and convicted of the offense of shoplifting on the 17th day of March, 1965, that she was subsequently convicted of shoplifting on July 8, 1965, and that she was the same Nicolosa Pena who was convicted of the offense of theft of corporeal personal property over the value of $50.00 on May 27, 1966, for which offense she was granted probation.

Appellant was indicted for theft of the dress, twenty-two pairs of panties, two brassieres and one pair of glasses of the total value of over $50.00. The indictment alleged that the theft occurred on or about August 4, 1966.

In her first ground of error appellant complains that the evidence is insufficient to prove the allegation that all items in the indictment were taken on or about August 4, 1966.

■ The indictment alleged the aggregate value of the items taken was over $50.00 without alleging the specific price of each. As the indictment was drawn, the State was bound to prove that all of the property described in the indictment was in fact stolen, the items not being of uniform value. Anderson v. State, 166 Tex.Cr.R. 337, 314 S.W.2d 603; Pitcock v. State, Tex.Cr.App., 367 S.W.2d 864. It was further incumbent upon the State to prove that all the items alleged in the indictment were taken either on or about the same time or on separate occasions with one design, impulse or purpose, Deem v. State, 167 Tex.Cr.R. 110, 318 S.W.2d 649; Flynn v. State, 47 Tex.Cr.R. 26, 83 S.W. 206, for an absence of such proof, there would be but several misdemeanor offenses. Neither the dress, the sunglasses, the panties nor the brassieres were singularly over the value of $50.00. The testimony showed market value of the dress was $9.99; the total value of the twenty-two pairs of panties was $49.75; the brassieres, $11.90 and the sunglasses, $1.99.

The State relied upon circumstantial evidence to prove that the theft of the items other than the dress occurred on or about the same time.

In 5 Branch's Ann.P.C., 2nd Ed., Sec. 2618, pp. 67, 68, it is stated:

"Where the evidence shows a continuous series of acts or one general purpose or transaction, or a loss of property at or about the same time in excess of the value of $50.00, which might be at-

tributed to the defendant, a conviction for felony theft of all of such property is authorized. Wilson v. State, 70 [Tex.] Crim. [R. 627] 631, 158 S.W. [512] 516; Garrett v. State, 87 [Tex.] Crim. [R.] 12, 218 S.W. 1064; Cunningham v. State, 90 [Tex.] Crim. [R.] 500, 236 S.W. 89; Moore v. State, 96 [Tex.] Crim. [R.] 121, 255 S.W. 988 (theft of gasoline transmitted through pipes)."

■ The taking of the dress off the rack by appellant on August 4, 1966, is undisputed. The finding of that dress shortly thereafter in a shopping bag in which it was seen to have been placed with other items shown to have been taken from the store without the owner's consent and the discovery of the empty bin of ladies' panties immediately after the apprehension of the appellant and her companion, when taken together with all the other facts and circumstances, are sufficient to support the jury's verdict. Viewing the evidence in the light most favorable to the State the jury was authorized to conclude that all the items were taken on or about the same time in a series of events thereby constituting one offense.

■ In her next ground of error appellant contends that the evidence is insufficient to sustain her conviction as a principal to the offense of felony theft; that, if anything, the evidence only shows the appellant to be guilty of the misdemeanor theft of the dress; that it was not reasonable for the jury to infer from the fact that the parties were co-principals in the taking of the dress that they acted together in taking the other articles.

In Everett v. State, 153 Tex.Cr.R. 79, 216 S.W.2d 281, we said:

"An agreement of parties to act together in a common design can seldom be proven by words, but reliance can often be had on the actions of the parties showing an understanding and common design to do a certain act."

See also Johnnene v. State, Tex.Cr.App., 417 S.W.2d 64.

In 16 Tex.Jur.2d, Criminal Law, Sec. 58, p. 171, it is said:

"Participation in an enterprise may be inferred from circumstances and need not be shown by direct evidence. Any person who advises or agrees to the commission of an offense and who is present when it is committed, is a principal, whether he aids in its commission or not. The mere fact of presence is not sufficient, however, but is a circumstance tending to prove that a person is a principal, and, taken with other facts, may be sufficient to show that he was a participant."

In Westfall v. State, Tex.Cr.App., 375 S.W.2d 911, it was pointed out that the agreement of the parties to act together in an unlawful act or design may be established by circumstantial evidence.

In Mills v. State, Tex.Cr.App., 417 S.W.2d 69, it was said:

"We further call attention to the holding in Harper v. State, Tex.Cr.App., 95 S.W. 125, and Singleton v. State, 158 Tex.Cr.R. 71, 253 S.W.2d 441, wherein we said:

" 'If the circumstances exclude every reasonable hypothesis except guilt, this is sufficient.' "

The court charged the jury upon the law of circumstantial evidence and of principals.

To recapitulate, the evidence here reflects that the appellant, a known shoplifter, was observed going from one department to another in Titche's in company with a companion. She was seen to take a dress from the display rack and place it into a bag held by her companion. When arrested she struggled with the officer over her handbag enabling her companion to flee. At the time of her arrest she was without identification and subsequently gave the officer a false name and made no

explanation as to her presence at the store. A search of the shopping bag in question revealed not only the freshly purloined dress but the other items alleged in the indictment and the two birthday cards, all shown to have been taken from Titche's without consent or permission.

When this evidence is taken together with all the facts and circumstances in the case we deem it sufficient to show that the appellant was guilty as a principal to the felony theft. See Middleton v. State, 86 Tex.Cr.R. 307, 217 S.W. 1046, Definition No. (1).

The judgment is affirmed.