**Raymond Lee BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42744.**

Court of Criminal Appeals of Texas.

April 8, 1970.

Shannon, Shannon & Leonard, by Don Leonard, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, Ben H. Tompkins, Otto C. Stephani, Jr., and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is burglary; the punishment, 10 years.

Trial was had before the court without the intervention of a jury.

Appellant's first complaint is that the indictment is defective in that it is vague and does not furnish him with sufficient information. No motion to quash was filed. We find the indictment substantially the same as that set forth in Willson, Texas Criminal Forms, Section 1921 (7th Edition). The first ground of error is overruled.

In his second ground of error, appellant challenges the sufficiency of the evidence. The co-owner of the burglarized premises testified that on June 1st, 1968, his place of business and the safe contained therein were broken into and a number of checks, some currency, and several credit cards were taken. An investigating officer also testified to this effect. The checks were

shown to carry certain known serial numbers.

A state's witness testified that appellant attempted to cash a check that was shown to be one of the checks taken from the burglarized premises. This witness testified that she did not cash the check, because she had been notified to watch for certain checks that had been stolen, one of which was a check bearing the serial number of the check appellant attempted to cash. Further, a photograph was taken of appellant by this witness at the time he attempted to cash the check.

This witness identified the appellant, the check, and the photograph.

We find the evidence sufficient, Singleton v. State, 158 Tex.Cr.R. 71, 253 S.W.2d 441; Dove v. State, Tex.Cr.App., 402 S.W. 2d 913.

■ Appellant contends that his arrest and the search of his person and his automobile were without probable cause. Nothing secured from appellant's person or his automobile nor any statement of appellant after he was arrested was admitted in evidence. Appellant's contention is without merit.

■ Appellant next complains that the court was in error for not discharging his court appointed counsel upon appellant's request. Appellant filed a *pro se* motion asking the court to dismiss his trial lawyer on the grounds that he had represented him at a prior trial, and that "considerable conflict" had arisen between them. Appointed counsel joined in the motion. Upon questioning, it developed that appellant only wanted his attorney to subpoena certain witnesses which in view of the facts of the case could not have been of benefit to him. The trial judge did not abuse his discretion.

Finding no reversible error, the judgment is affirmed.