**Al Lee CORDELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0194–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 25, 1982.

John Woodard, Houston, for appellant.
James C. Brough, Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

ON STATE'S MOTION FOR
REHEARING

DOYLE, Justice.

The opinion formerly handed down in this case is withdrawn and the following opinion is substituted in its stead.

This is an appeal from a conviction for the offense of felony theft to which the appellant had plead not guilty. A jury assessed his punishment at two years.

The facts are simple and undisputed. On or about September 3, 1979, R. K. Pendleton, a building contractor had 25 squares (75 bundles) of roofing shingles delivered to a job site in Harris County, Texas. The retail price of the shingles was approximately $24 per square, or $8 per bundle. There was testimony that the appellant, without the consent of Pendleton, took shingles from the job site on September 8, and then again on September 15, when appellant was seen loading 16 bundles of shingles on his truck from the same location. On the latter date, the appellant's loaded truck was blocked at the job site as he attempted to leave, and the police were called. The appellant was arrested and charged with the theft of 48 bundles of shingles on September 8 and 16 bundles of shingles on September 15, a total of 64 bundles of the value of $512.

The two count indictment provided:

(Count One)

... Al Lee Cordell ... on or about September 8, 1979, did then and there unlawfully appropriate property, namely, FORTY EIGHT BUNDLES OF ROOFING SHINGLES, owned by R. K. PENDLETON, hereafter styled the Complainant, of the value of over two hundred dollars and under ten thousand dollars, with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant.

(Count Two)

It is further presented that ... Al Lee Cordell, ... on or about September 15, 1979, did then and there unlawfully with intent to deprive the owner of the property, and without the effective consent of the owner, and pursuant to one scheme and continuing course of conduct, appropriate property with a total value of over two hundred dollars and under ten thousand dollars namely, SIXTY FOUR BUNDLES OF ROOFING SHINGLES, owned by R. K. PENDLETON.

The State abandoned count one of the indictment and proceeded to trial on count two only.

By the first two grounds of error, the appellant contends that the evidence is insufficient to support a conviction for the offense alleged for the reason that (1) it failed to show that the value of the property taken on September 15, 1979, was over two hundred dollars and under ten thousand dollars, and (2) it failed to show that sixty four bundles of roofing shingles were taken on September 15, 1979, as alleged in the indictment. We shall discuss these grounds together.

The indictment before us contains only one count which states only one offense, to-wit: the theft of 64 bundles of roofing shingles from R. K. Pendleton on or about September 15, 1979, which had a total value of over $200 and under $10,000. By its abandonment of count one of the indictment, the State must prove the offense as charged in count two. The following testimony was adduced concerning the theft on September 15th:

Q. I'm going to ask you, if you would, to refer back to the date of September 15, 1979.

&ast; &ast; &ast; &ast; &ast; &ast;

Q. Were you driving or riding or what were you doing?

A. Well, I stopped on the intersection of this street, Tavenor, and Randolph. And I looked to the left. Then, I see his [Appellant's] truck. He's loading shingles up.

Q. How many shingles were on the truck, Mr. Okross?

A. 16 bundles.

Q. 16 bundles were on the truck?

A. Pardon me?

Q. What I am interested in knowing is how many shingles were on the truck?

A. 16 bundles, because we counted them.

(Witness Jerry Fowlkes)

Q. Were you with Stephen Okross in September of this year, 1979, 15th day of September, 1979?

A. Yes, sir. Yes, I was.

&ast; &ast; &ast; &ast; &ast; &ast;

Q. What was Mr. Cordell (Appellan] (sic) doing?

A. Mr. Cordell was loading bundles of shingles on to his truck.

&ast; &ast; &ast; &ast; &ast; &ast;

Q. All right. Did you count the number of shingles?

A. I did, sir.

Q. How many bundles?

A. 16.

There was also testimony that on or about September 8 the appellant had stolen 15 bundles of shingles from this same Pendleton job on Tavenor Street.

Considering the evidence in the light most favorable to the verdict, appellant was observed taking 15 bundles of shingles on September 8 and 16 bundles on September 15. The State contends that this proof of the theft of 31 bundles at an admitted value of $8 per bundle, satisfies the requirement of over a total value of $200 and under $10,000 as alleged in the indictment.

■ The evidence presented by the State proved that a total of 31 bundles of shingles were stolen by the appellant on September 8 and September 15. The State is correct in its contention that it was not bound to show that the theft of all 31 bundles occurred on September 15. Proof that the offense was committed any time before the indictment was returned and before the statute of limitations (five years in this case) had run, was sufficient to support the indictment. *Brown v. State,* 475 S.W.2d 938, 956 (Tex. Cr.App.1971). Appellant's first ground of error is overruled.

We must next decide whether Count Two of the indictment, which in summary alleges the theft of 64 bundles of shingles on September 15, 1979, was sufficient to authorize the appellant's conviction. It also alleges that the offense was committed "pursuant to one scheme and continuing course of conduct…" The State contends that the allegations as embodied in Count Two of the indictment are sufficient to sustain the appellant's conviction under the authority of *Deem v. State,* 318 S.W.2d 649 (Tex.Cr.App.1958), which is cited in the recent case of *Watson v. State,* 605 S.W.2d 877 (Tex.Cr.App.1980). In *Deem,* the prosecution was for the theft of a suit of clothes, the pants to which was taken on one day and the coat was taken on another day. The court found that there was "but one design, impulse and purpose" on appellant's part and that was to unlawfully acquire the suit of clothes.

■ In the case before us, the evidence shows that although the shingles were stolen about a week apart, the theft was from the same job site, the same owner, the same type of shingles, with the same truck and under the same guise—that the appellant was taking the shingles to another of the owner's jobs. This pattern of action by the appellant was sufficient to establish one scheme and continuing course of conduct as alleged in the indictment. It was not necessary, as the appellant contends, for the State to prove the aggregation of the thefts pursuant to Tex.Penal Code Ann., Section 31.09, as was done in *Wages v. State,* 573 S.W.2d 804 (Tex.Cr.App.). By proving that 15 and 16 bundles of shingles were stolen by the appellant on September 8 and 15, respectively, the State proved the one scheme or continuing course of conduct necessary to sustain the conviction. The appellant's second ground of error is overruled.

■ In grounds of error three and four, the appellant complains of the failure of the trial court to quash the indictment for insufficient description of the shingles alleged to have been stolen.

The appellant cites article 21.09, Tex. Code of Crim.Proc. which outlines the particularity with which personal property should be described. The description before us lists the property as sixty-four bundles of roofing shingles owned by R. K. Pendleton with a total value of over $200 and under $10,000. The Court of Criminal Appeals has consistently held such description

**34**

sufficient. For descriptions upheld by the Court which were less detailed than that before us, see *Cook v. State*, 488 S.W.2d 822 (Tex.Cr.App.); *White v. State*, 505 S.W.2d 258 (Tex.Cr.App.) and *Scott v. State*, 571 S.W.2d 893 (Tex.Cr.App.). We overrule grounds of error three and four.

Our decision under grounds of error one and two are dispositive of grounds of error five, six and seven which attack the validity of the indictment.

The State's motion for rehearing is granted and the judgment of the trial court is sustained.